## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 18 2019, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Burnett,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 18, 2019

Court of Appeals Case No.
19A-CR-130

Appeal from the Madison Circuit Court

The Honorable Mark Dudley, Judge

Trial Court Cause No.
48C06-1807-F5-1798

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Robert Burnett (Burnett), appeals the trial court's revocation of his home detention and the imposition of his previously-suspended sentence.

We affirm.

## ISSUE

Burnett presents this court with one issue on appeal, which we restate as: Whether the trial court abused its discretion by ordering Burnett to serve his entire previously-suspended sentence after he violated the terms of his home detention.

## FACTS AND PROCEDURAL HISTORY

On October 17, 2018, Burnett pleaded guilty to Count I, burglary, a Level 5 felony, and Count II, theft, a Level 6 felony. The trial court subsequently sentenced Burnett to two years in the Department of Correction (DOC) for the Level 5 felony and to ten months in the Madison County Detention Center for the Level 6 felony. Burnett's sentences were to run concurrently, and the trial court gave Burnett the "privilege of serving" his two-year sentence on home detention "subject to the terms and conditions of [] said program." (Appellant's App. Vol. II, p. 14).

On October 29, 2018, the Madison County Probation Office (Probation Office) filed an amended notice of probation violation, alleging that Burnett had

"[f]ailed to appear for Home Detention hook-up on October 19, 2018." (Appellant's App. Vol. II, p. 16).

[6] Prior to being convicted for the burglary and theft offenses, Burnett lived with Tim Roof (Roof). Following Burnett's conviction, Roof did not let Burnett move back in. On November 17, 2018, Roof returned from a hunting trip. At around 2:00 a.m., Roof was awakened by a loud banging on his front door. It sounded "like somebody was trying to break in" (Transcript p. 10). Roof grabbed a gun and walked to the hallway. As his front door opened, Roof yelled, "stop[,] I got a gun I'll shoot." (Tr. p. 11). The door closed, and its knob fell to the floor. Burnett then yelled, "Tim, Tim it's me. I'm cold." (Tr. p. 11). Roof "didn't know what to do" because Burnett was "not in the best of shape," so he allowed Burnett to sleep on his couch. (Tr. pp. 13-14). Roof proceeded to gather his other guns that were in the living room and he took them to his bedroom because Burnett had "just broke[n]" into his home, and he "didn't know what [Burnett's] intentions were." (Tr. p. 11). Roof stayed up all night with his rifle. Roof's brother, whom Roof had sent a text message, called the police later that morning. When the police arrived, Roof "was very shaken," "upset," and "scared," and there was a rock in the trashcan outside with the same debris as the broken door handle. (Tr. pp. 25, 27, 30). On the same day, the State filed an Information, charging Burnett with Level 6 felony residential entry and Class B misdemeanor criminal mischief.

[7] On November 21, 2018, the Probation Office filed an amended notice of probation violation, alleging that on November 18, 2018, Burnett had

accumulated two new offenses—*i.e.,* Level 6 felony residential entry and Class B misdemeanor criminal mischief.

[8] On December 19, 2018, at a hearing on the notice of home detention violation, Burnett admitted to at least one of the violations—that he had failed to report to the Probation Office for his home detention hook-up appointment. The State also presented evidence surrounding Burnett's residential entry and criminal mischief offenses. At the conclusion of the hearing, the trial court revoked Burnett's home detention and ordered Burnett to serve the balance of his previously-suspended sentence in the DOC.

[9] Burnett now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[10] Burnett appeals the trial court's order revoking his placement on home detention and the imposition of the balance of his previously-suspended sentence.

[11] Both probation and community corrections programs serve as alternatives to commitment to the DOC and both are made at the sole discretion of the trial court. *Treece v. State*, 10 N.E.3d 52, 57 (Ind. Ct. App. 2014). A defendant is not entitled to serve a sentence in either a probation or a community corrections program; rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right. *Id*. The standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. *Id*. That is, a revocation of community corrections

placement hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. *Id.*

[12]  At the revocation hearing, Burnett admitted that he had failed to appear for his hook-up appointment with the Probation Office. In addition, the State also presented evidence that Burnett had committed additional offenses while on probation—*i.e.*, residential entry and criminal mischief.

[13]  Burnett argues that the facts surrounding the residential entry and criminal mischief offenses indicate that he did not commit these new offenses. Burnette claims that he had previously lived with Roof, and although Roof claimed he was scared by his entry, "Roof permitted Burnett to remain in the residence, spend the night, sleep on his couch and let him eat his food. Additionally, [Roof] did not call the police on him." (Appellant's Br. p. 8).

[14]  Contrary to his assertions, Roof unequivocally testified that Burnett broke his door handle and entered his house without his permission. The State corroborated Roof's testimony with the testimony of the responding officer, who saw a rock in the trashcan outside of the door with the same debris as the broken door handle. From this evidence, the trial court reasonably concluded by a preponderance of the evidence that Burnett committed residential entry and criminal mischief. Burnett's argument is merely a request for this court to reweigh the evidence, which it will not do. *See Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). Moreover, Burnett's admission that he failed to appear for the hook-up appointment with the Probation Office was sufficient for the trial court

to revoke his home detention. *See Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005) (holding that a "single violation of the conditions of probation is sufficient to support the [trial court's] decision to revoke probation."), *trans. denied.*

[15] Here, the State met its burden of proving by a preponderance of the evidence that Burnett had violated the terms of his home detention; therefore, we hold that the trial court did not abuse its discretion by revoking Burnett's home detention.

## CONCLUSION

[16] In sum, we conclude that the trial court did not abuse its discretion by revoking Burnett's placement on home detention. Accordingly, we affirm the trial court order that Burnett serve the balance of his previously suspended sentence.

[17] Affirmed.

[18] Bailey, J. and Pyle, J. concur